UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62604-CIV-COHN/SELTZER

SHERRY L. HARRIS,

        Plaintiff,

v.

THE SCHOOL BOARD OF
BROWARD COUNTY,

        Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant School Board of Broward County's Motion to Dismiss or in the Alternative Motion for More Definite Statement [DE 15]. The Court has considered the Motion, Plaintiff Sherry L. Harris's Response [DE 17], Defendant's Reply [DE 18], the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On December 8, 2011, Plaintiff filed this action against The School Board of Broward County. See Compl. In her Complaint, Plaintiff states that she is employed as a teacher at Lauderhill Middle School in Broward County, id. at 3-4, but that she has been suspended without pay since October 25, 2010, id. at 4. The Complaint recites the following facts in relation to Plaintiff's suspension:

> [Plaintiff] was accused of being mentally disabled due to reporting other
> harassing and disparaging treatment done to coworkers and herself. She
> also reported cheating on the Florida Comprehensive Achievement Test and
> the reclassification of students labeled English for Speakers of Other
> Languages to the Area Office and to Mr. James Notter, former

Superintendant [sic] of Broward County Public Schools.  As a result [Plaintiff] became targeted, accused of disrupting a test verbally assaulted and threatened with physical violence in Special Investigative reports by the School Board of Broward County.

Id. at 4.  The Complaint also states that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 9, 2010, id. at 2-3, but the Complaint does not indicate the outcome of the charge nor does it attach any exhibits regarding the EEOC filings.  As a remedy, Plaintiff requests "all back pay with interest; documents that were suppressed be presented; plaintiff have the right to discovery that was denied and request this Court to declare judgment for relief as deemed feasible and just."  Id. at 5.

On February 7, 2012, Defendant filed the instant Motion, seeking to dismiss the Complaint or alternatively, to compel a more definite statement.  In response, Plaintiff requests that the Court deny the request for dismissal but grant her leave to file a more definite statement.  See Resp. at 6.[1]  For the reasons described blow, the Court will dismiss the Complaint without prejudice, and Plaintiff will have an opportunity to amend her pleading.

_____

[1]       Plaintiff also requests that the Court "[g]rant immediate temporary injunctive relief requested until such time as this declaratory judgment action constitutional challenge is finalized."  Resp. at 6.  Plaintiff's Complaint requests declaratory relief, but it does not request temporary injunctive relief, nor has Plaintiff filed a motion for a temporary injunction.  Further, Plaintiff has not satisfied her burden to prove the elements required for temporary injunctive relief.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).  Therefore, the request for temporary injunctive relief will be denied.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).[2]

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no

---

[2]     In her Response, Plaintiff relies on Conley v. Gibson, 355 U.S. 41 (1957) for the proposition that "a Court may dismiss a claim pursuant to Rule 12(b)(6) only if it establishes beyond doubt that the Plaintiff can prove no set of facts which would entitle plaintiff to relief." See Resp. at 5 (citing Conley, 355 U.S. 47). However, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court retired Conley's "no set of facts" language as "an incomplete, negative gloss on an accepted pleading standard: *once a claim has been stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (emphasis added). As mentioned above, the current legal standard requires that a plaintiff state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Therefore, Plaintiff's reliance on Conley is misplaced.

3

construction of the factual allegations will support the cause of action." Marshall Cnty.

Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In addition, *pro se* complaints are held to "less stringent standards than formal

pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting

Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Yet, the Court does not have a

"license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient

pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132

F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. ANALYSIS

Reading Plaintiff's *pro se* Complaint liberally, she appears to bring claims under

Title VII, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983.  As to each

of these claims, the Complaint fails to meet the pleading standards.  Therefore, the

Complaint will be dismissed without prejudice, and Plaintiff will have an opportunity to

replead.

### A. Failure to Exhaust Administrative Remedies

As an initial matter, the Complaint is unclear as to whether Plaintiff has

exhausted all of her administrative remedies prior to filing this lawsuit.  The Complaint

alleges that Plaintiff filed a charge of discrimination with the EEOC, but it does not state

the outcome of the EEOC proceeding, provide a reference to the EEOC proceeding, or

include any attached documents relating to the proceeding.  As such, the Complaint

does not articulate whether Plaintiff has fully complied with any prerequisites to filing

this lawsuit.  See, e.g., Sims v. Trus Joist MacMillan, 22 F.3d 1059, 1061 (11th Cir.

1994).  "Congress clearly intended for the EEOC and the complaining party to attempt a

reconciliation of the charge of discrimination before proceeding to federal court."  Id. at

1063.

    Although, in Plaintiff's Response, she states that the EEOC issued her a right to

sue letter and although she attaches the letter to her Response, see Letter [DE 17 at 7],

none of this information was provided with the original Complaint.  "Plaintiff cannot

amend the Complaint in her brief in opposition to a motion to dismiss."  Grandrimo v.

Parkcrest Harbour Island Condo. Ass'n, No. 8:10-CV-964-T-27MAP, 2011 WL 550579,

at *5 (M.D. Fla. Feb. 9, 2011) (citing Car Carriers v. Ford Motor Co., 745 F.2d 1101,

1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the

briefs in opposition to a motion to dismiss.").  However, because Plaintiff will have an

opportunity to replead her claims, she will have another chance to allege facts

demonstrating that she exhausted her administrative remedies prior to filing suit.

### B. Title VII

    The Complaint fails to state a *prima facie* claim under Title VII based either on

retaliation or discrimination.  Title VII provides, "It shall be an unlawful employment

practice for an employer . . . (1) to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To state a claim for

retaliation under Title VII, a plaintiff must plead that "(1) [s]he engaged in statutorily

protected expression; (2) [s]he suffered an adverse employment action; and (3) there is

some causal relation between the two events."  Olmsted v. Taco Bell Corp., 141 F.3d

1457, 1460 (11th Cir. 1998).  The Complaint states that Plaintiff "was accused of being mentally disabled," Compl. at 4, and was "accused of having a mental disability and being ADHD," id. at 3.  Plaintiff reiterates these allegations in her Response.  See Resp. at 3.  However, there is no mention in the Complaint that Plaintiff suffered any retaliation because of her "race, color, religion, sex, or national origin."  See 42 U.S.C. § 2000e-2(a)(1).  Further, although the Complaint alleges that Plaintiff was suspended without pay on October 25, 2010, there is no mention of any protected activity, let alone a connection between that activity and the suspension.  Therefore, Plaintiff has not stated a claim for retaliation under Title VII.

To state a *prima facie* claim for discrimination under Title VII, a plaintiff must allege that (1) she is a member of a protected class, (2) she was qualified for the job, (3) she was subjected to an adverse employment action, and (4) similarly situated employees outside the protected class received more favorable treatment than she did. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  "The ultimate question in a disparate treatment case is not whether the plaintiff established a prima facie case or demonstrated pretext, but whether the defendant intentionally discriminated against the plaintiff."  Nix v. WLCY Radio/Rahall Comm'cns., 738 F.3d 1181, 1184 (11th Cir. 1984) (citations and quotations omitted).  As mentioned above, Plaintiff has not identified herself as a member of a protected class for purposes of a Title VII claim, nor has she identified the basis for any alleged discrimination.  She also fails to plead that she was qualified for the job as a school teacher or that any other employee outside of the protected class was treated differently from herself.  As such, Plaintiff has not

6

stated a claim for discrimination under Title VII.  Therefore, her Title VII claim will be

dismissed without prejudice, and Plaintiff will have an opportunity to replead this claim.

### C. ADA

The Complaint also fails to state a *prima facie* claim under the ADA based either

on retaliation or discrimination.  Courts use the same analytical framework for retaliation

claims under the ADA as they do under Title VII.  Stewart v. Happy Herman's Cheshire

Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997); Olmstead v. Defosset, 205 F. Supp.

2d 1316, 1320 n.1 (M.D. Fla. 2002) (citing Stewart, 117 F.3d at 1287).  Therefore, to

state a claim for retaliation under the ADA, just as with Title VII, a plaintiff must allege

that (1) she participated in an activity that the ADA protects, (2) she suffered an

adverse employment action, and (3) there is a causal connection between the

participation in the protected activity and the adverse employment action.  Olmstead v.

Defosset, 205 F. Supp. 2d 1316 (M.D. Fla. 2002).  Plaintiff's claim fails because she

does not mention any protected activity under the ADA, nor does she allege a

connection between that activity and the adverse employment action that she suffered.

Therefore, Plaintiff has not stated a claim for retaliation under the ADA.

To state a claim for employment discrimination under the ADA, a plaintiff must

plead "that (1) [s]he has a disability, (2) [s]he is a 'qualified individual,' which is to say,

able to perform the essential functions of the employment position that [s]he holds or

seeks with or without reasonable accommodation, and (3) the defendant unlawfully

discriminated against h[er] because of the disability."  D'Angelo v. ConAgra Foods, Inc.,

422 F.3d 1220, 1226 (11th Cir. 2005).  The ADA defines "disability" to include: "(A) a

physical or mental impairment that substantially limits one or more of the major life

activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2); see also Harris v. H & W Contracting Co., 102 F.3d 516, 518-20 (11th Cir. 1996).  Though the Complaint states that Plaintiff "was accused of having a mental disability and being ADHD," Compl. at 2, merely having an impairment is insufficient to qualify for protection under the ADA.  See Schwertfager v. City of Boynton Beach, 42 F. Supp. 2d 1347, 1357 (S.D. Fla. 1999) (citing Gordon v. E.L. Hamm & Assoc., Inc., 100 F.3d 907, 911 (11th Cir. 1996), cert. denied, 522 U.S. 1030 (1997)).  Rather, to constitute a disability under the ADA, "the impairment must substantially limit one or more of the individual's life activities." Gordon, 100 F.3d at 911.  "Major life activities" is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).[3]  Plaintiff has not alleged that she had an impairment that substantially limited any such activities, so she has not pled the disability element.  Additionally, she has not alleged that she was qualified to perform the essential functions of her job or that she suffered an adverse employment action because of her alleged disability.  Accordingly, Plaintiff fails to state a claim for discrimination under the ADA.  Therefore, her ADA claim will be dismissed.  As with the Title VII claim, Plaintiff will have an opportunity to replead this claim.

---

[3]      "The ADA regulations adopt the definition of 'major life activities' found in the Rehabilitation Act regulations."  Gordon v. E.L. Hamm & Assoc., Inc., 100 F.3d 907, 911 (11th Cir. 1996), cert. denied, 522 U.S. 1030 (1997) (citing 34 C.F.R. § 104).

### D. § 1983

A § 1983 claim cannot survive when the only alleged deprivation falls under the ADA or Title VII.  Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997) ("We conclude that a plaintiff may not maintain a section 1983 action in lieu of—or in addition to—a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA."); Johnson v. Ballard, 644 F. Supp. 333, 337 (N.D. Ga. 1986) (". . . it would be anom[a]lous to hold that when the only unlawful employment practice consists of the violation of a right created by Title VII, the plaintiff can by-pass all of the administrative processes of Title VII and go directly into court under § 1983.") (quoting Day v. Wayne Cnty. Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984).  Plaintiff does not allege any violations of her constitutional or federal rights other than the ADA and Title VII.  Therefore, her § 1983 claim must be dismissed.

Even if Plaintiff brought her § 1983 claim for violations distinct from her ADA and Title VII claims, the claim would still fail because the Complaint does not state a *prima facie* claim under § 1983.  To state a cause of action under § 1983, a plaintiff must allege both (1) that someone deprived him of a federal right, and (2) that the person who deprived him of that right acted under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); Gilbert v. Sears, Roebuck & Co., 899 F. Supp. 597, 599 (M.D. Fla. 1995).  There also must be an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Troupe v. Sarasota Cnty., Fla., 419 F.3d 1160, 1165 (11th Cir. 2005).  Furthermore, "a municipality cannot be held

9

liable under § 1983 on a *respondeat superior* theory."  <u>Monell v. Dep't of Soc. Servs. of</u>

<u>City of New York</u>, 436 U.S. 658, 691 (1978).  "Instead, it is when execution of a

government's policy or custom, whether made by its lawmakers or by those whose

edicts or acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983."  <u>Id.</u> at 694; <u>see also</u> <u>Brown v.</u>

<u>City of Fort Lauderdale</u>, 923 F.2d 1474 (11th Cir. 1991) ("It is well established that a

municipality may be held liable under § 1983 only when the deprivation at issue was

undertaken pursuant to city "custom" or "policy," and not simply on the basis of

*respondeat superior*").

As Defendant notes, "[t]he Complaint fails to identify any School Board

employees who allegedly engaged in acts or omissions in violation of Plaintiff's

constitutional rights or whether these employees were acting under color of state law."

Mot. at 9.  Also, the Complaint is devoid of any facts regarding Defendant's customs,

policies, practices, or procedures relating to Plaintiff's alleged constitutional deprivation.

Therefore, Plaintiff's § 1983 claim will be dismissed for failure to state a claim.  As with

the Title VII and ADA claims, Plaintiff will have an opportunity to replead her § 1983

claim in accordance with the above standards.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Defendant's Motion to Dismiss or in the Alternative Motion for More

Definite Statement [DE 15] is **GRANTED**.

2.      Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**.

3.      Plaintiff may file an Amended Complaint in accordance with the above

findings by no later than **March 29, 2012**.  Defendant's Answer will be due

14 calendar days from the filing of an Amended Complaint.  **Plaintiff's**

**failure to file an Amended Complaint by the March 29, 2012 deadline**

**will result in the closing of this case.**

4.      Plaintiff's request for temporary injunctive relief [DE 17 at 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 15th day of March, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Sherry L. Harris, *pro se*
2322 Pershing Street #4
Hollywood, FL 33020